### C. D. Lancaster v. Fannie Richardson.

#### Delivered May 4, 1896.

**1.  Costs—Amendment Setting up New Cause of Action.**

Where plaintiff's petition in an action to recover land alleged that a deed thereof which she had executed to defendant was in fact a mortgage, and that she relied upon false representations by defendant as to the quantity of the land, and her amended petition made no claim that the deed was a mortgage, but alleged more fully the false representations, it was not such an amendment setting up a new cause of action as warranted the taxing against her of all costs prior to its filing.

**2.  Statute of Frauds—Verbal Agreement to Reconvey Land.**

A verbal agreement by the grantee to reconvey land deeded to him absolutely is within the statute of frauds, and cannot be proved.

**3.  Sale of Land—False Representations as to Quantity—Special Issues.**

Plaintiff's petition, in an action to recover land, alleged that she was induced to convey to defendant by reason of her reliance on his false representations as to the

quantity thereof, of which she was ignorant; and defendant testified that while he, expressed an opinion as to the number of lots, he did not know the quantity, and that he intended to buy the whole tract, without reference to its quantity. The case was submitted to the jury upon special issues. Held, that the court erred in refusing to submit to the jury special issues as to whether defendant stated the size of the tract as a fact, or merely expressed his opinion as to the quantity; and whether plaintiff was as well acquainted with the land as the defendant; and whether plaintiff agreed to sell the property in gross or by lot, and the terms of such sale; and whether the parties took chances of profit and loss in buying and selling the property.

**4. Same—Issue Without Evidence.**

Where there was no evidence of any mutual understanding as to how much land was embraced in the tract, it was error to submit issues to the jury upon the theory that both parties understood and estimated the amount of land at the time the deed was made.

**5. Same—Immaterial Issue.**

Where defendant agreed, as part consideration for the deed, to make certain repairs of an agreed value to plaintiff's houses on other lots, and admitted that he had afterwards agreed to release plaintiff from such repair contract, the amount of the repairs thereupon became a money demand against him, and it was an immaterial issue as to whether plaintiff, upon such agreement to reconvey the property, made a trade of it to another person.

Appeal from Harrison.    Tried below before Hon. W. J. Graham.

*Pope, Lane & Pope,* for appellant.—1.   If a party brings a suit upon one cause of action, and, after the suit is brought, changes such cause of action, he should be taxed with the costs incurred up to the time of the change in his cause of action.   Ballard v. Carmichael, 83 Texas, 359.

2.   No action can be maintained upon any contract for the sale of real estate, unless the promise or agreement upon which such action shall be brought or some memorandum thereof, shall be in writing and signed by the party to be charged therewith, or by some person by him thereunto lawfully authorized.   Rev. Stats. (1879), art. 2464.

3.   The expression of an opinion as to a fact is not a fraudulent representation.   Little v. Allen, 56 Texas, 139.

4.   If the vendor of the sale of real estate is as well acquainted with the property conveyed as the vendee, then the vendor cannot rescind the sale on account of a fraudulent representation as to its size made by the vendee to such vendor.   1 Benj. on Sales, p. 555, sec. 637.

5.   Equity will not modify the contract of the sale of real estate when it is shown that the parties intended to risk the contingency of quantity, whatever it might be, or how muchsoever it might exceed or fall short of that which was mentioned in the contract.   O'Connell v. Duke, 29 Texas, 312.

*T. P. Young,* for appellee.—1.   In an action to cancel a deed absolute in form because the same was intended as a mortgage, and the debt intended to be secured was never incurred and therefore did not exist, the amendment of the pleadings by introducing the additional allegation that the quantity of land conveyed, was by mistake, greatly in excess of

the amount really intended to be conveyed, does not set up a new cause of action.    Blanton v. Langston, 60 Texas, 151.

2.    Where the parties to a contract for the sale and conveyance of land make a mistake as to the quantity, whereby one conveys much more than he intends to sells, and the other gets much more than he intends to buy, and where the excess is as much as one-third; each party laboring under a belief that the land actually conveyed is no more than each supposes, equity will grant relief and reform the contract, and the expression of opinion by either or both parties at the time of the trade as to quantity is immaterial.    O'Connell v. Duke, 29 Texas, 301-317.

3.    In an action for equitable relief based on the ground that there was an excess in the tract of land sold, of which the vendor was ignorant, and of which the vendee was aware, the averments that the vendee knew of the excess and represented that it did not exist, and that the vendor relied on such representations, would not prevent a recovery where the evidence shows such to be the case, except as to vendor's reliance on the representation.    In other words such a state of case would not present a fatal variance.    Culbertson v. Blanchard, 79 Texas, 491.

RAINEY, ASSOCIATE JUSTICE.—Appellee, Fannie Richardson, instituted this suit to recover of appellant a part of certain lots that she had theretofore deeded to appellant; she alleging, in substance, that the consideration for said deed was that she was indebted to Lancaster in the sum of $217, to secure which she had executed a trust deed on the property embraced in the deed, and also that appellant was to repair two small houses belonging to appellee situated on other lots, and named in the deed, the repairs to be of the value of $247.31.    She further alleged that appellant represented to her that said tract or parcel of land contained only a little more than one lot of sixty feet in width, when in fact, appellant knew that said tract of land contained more than two lots, or an area of 150x120 feet; that she was ignorant at the time as to the area of said tract of land, and relied upon the representations of appellant as to its area; that said area contained three and one-half lots, which was unknown to her at the time; that she was not in good health at the time, was unaccustomed to business cares and worry, and was very much importuned and pressed by appellant to make the deed, and appellant knew at the time she was relying wholly upon his representations.    That after said deed was made, appellant sold one of the lots 60x120 feet to one Brown for the sum of $300, which was done with her consent.    That afterward she received an offer of purchase of the lot on which stood the house to be repaired, and declined to consider same unless appellant would release her from said repair contract.    That appellant agreed to release her from said contract to repair, and to reconvey to her the property in controversy.    That relying upon said agreement, she sold the lots upon which said houses were situated to one P. G. Whaling.    Appellee also alleged that said deed

was intended as a mortgage to secure appellant in the sum specified in the trust deed theretofore given, and for repairing the two houses.

In her second amended original petition she in effect, by her allegations, abandoned the allegations that said deed was intended as a mortgage, and relied for a recovery upon the representations of appellant as to the quantity of the land in the area, and upon his contract to reconvey.

Appellant answered by general and special demurrers, and set up that the deed made to him was an absolute deed.

On the trial the court submitted special issues to the jury, upon which the court rendered judgment in favor of appellee for an undivided interest of 59½x129½ feet of the tract in controversy against appellant; and also rendered judgment in favor of appellee against appellant for $247.50; and rendered judgment in favor of appellant against appellee for 70x129½ feet undivided interest of the lot in controversy, and condemned this undivided interest to be sold to pay said $247.50. Motion for new trial made by appellant was overruled, and this appeal prosecuted.

Appellant's first complaint is, that the court erred in not taxing the cost of the action against appellee that had acrued prior to the filing of her first amended original petition, for the reason that said amendment set up a new cause of action; the contention of appellant being that the first amended petition was an action for the cancellation of the deed alleged to be a mortgage, while the second amended original petition showed the deed to be absolute, and a recovery was sought on the ground of false representations by appellant. We do not think this complaint well founded.

It is true, the first amended original petition did allege that said deed was intended as a mortgage; but it further alleged that false representations were made by appellant upon which appellee relied, and by which she was induced to include all the land in the deed. In the second amended original petition claim is not made that the deed was intended as a mortgage, but recovery was sought alone upon the ground that there was more land included in the deed than was intended to be conveyed. The action was brought to recover the overplus; and the second amended original petition had the same object in view, and enlarged upon the allegations contained in the first petition—that said conveyance was made by reason of said false representations of appellant.

Appellant also complains of the court for overruling his special exception to that part of plaintiff's petition which, in effect, alleged that after the contract for repairing said two houses, appellee received an offer of purchase of the land on which said two houses to be repaired were situated, but declined to consider the same unless appellant would release her from said repairing contract and that said offer to purchase said land was made by one P. G. Whaling, and appellant then and there agreed that appellee should be released from said contract to re-

pair, and allowed her to sell the lot upon which said houses to be repaired were situated. That the appellee before she would entertain the proposition to sell the land upon which said property was, saw appellant and told him she would not sell the same to Whaling unless he would release her from the repairing contract and re-convey to her the property in controversy, and appellant then and there agreed so to do.

Appellant also complains of the court in admitting testimony to be introduced proving that Lancaster agreed verbally to convey back the property as set out in said allegations above; the contention being that it was a verbal contract to convey real estate, and that the same came within the statute of frauds. We think the exception urged by appellant to that part of the alleged contract, that Lancaster would re-convey to plaintiff the property in controversy, except the Brown lot, and the objection to the testimony tending to prove same should have been sustained. The deed from appellee to appellant being an absolute conveyance of the property, a verbal contract to re-convey came within the statute of frauds and was not legitimate upon which to base an action for a recovery, nor was it legitimate to prove such contract. Dowell v. Crain, 10 Texas, 444; Sanborn v. Murphy, 5 Texas Civ. App., 509; same case, 86 Texas, 437.

The sixth error assigned is, in substance, that the court erred in refusing to permit the witness W. H. Pope to testify what his wife, Fannie Pope, told him was said by appellee, in reference to the transaction. This assignment is not well taken, because the evidence would have been strictly hearsay, and therefore not legitimate.

The seventh, eighth, ninth, tenth, eleventh and twelfth errors assigned complain of the action of the court in failing to submit to the jury the following questions:

(1) Did defendant in representing to plaintiff the size of the property mentioned in the deed in evidence before you, state its size as a fact; or did he state what in his opinion the size of the property was?

(2) Was the plaintiff at the time the property was conveyed as well acquainted with said property as the defendant?

(3) Did plaintiff and defendant have equal information as to the size of the property conveyed at the time the property was conveyed?

(4) Did defendant agree to convey to plaintiff the balance of the property after deducting the property sold to Brown; did he agree to convey to plaintiff a lot or such balance? If yea, was such agreement made before or after the sale to Whaling?

(5) Did plaintiff sell the property described in the deed from plaintiff to defendant in gross or by lot, and if by lot, at what price per lot; if in gross, was defendant guilty of fraud in the purchase of said property?

(6) Did the parties in buying and selling the property take chances of profit and loss?

All of these questions were pertinent to the defendant's theory of the case, and were not submitted by the court to the jury. In this we

think the court erred. The only theory as shown by the evidence, upon which the plaintiff was entitled to recover was, that she was ignorant of the amount of the land conveyed by the deed, and being thus ignorant, she was induced by false representations of appellant to make the conveyance. The jury, in answering one of the court's questions, stated, in effect, that appellee relied upon the representations of appellant as to the size of the property, but that she was not induced to make the conveyance by reason of such representations. This, it seems to us, is a little contradictory. If said representations made by the defendant did not induce plaintiff to make the conveyance, she would not be entitled to recover, unless at the time she was ignorant of the size of the lot, and the excess is so great as that it would be inequitable to allow the conveyance to stand. The main questions to be determined in this case were, whether appellee understood that she was selling all of the tract within the bounds contained in the deed, regardless of quantity contained therein; or did she intend only to sell a certain quantity thereof, and so intending, was she misled by the representations (if any) of appellant as to the quantity contained therein, and was she induced thereby to make the deed?

In the case of O'Connel v. Duke, 29 Texas, 312, the court said: "Contracts for the sale of land have been considered with reference to the questions under discussion, to be of two descriptions: (1) Where the sale is of a specific quantity, which is usually denominated a sale by the acre; (2) where the sale is of a specific tract—by name or description—each party risking the quantity. This is called a sale in gross. In the well considered case of Harrison v. Talbot, 2 Dana, 258, the Supreme Court of Kentucky, after an able review of the authorities and an elaborate discussion of the principles involved, reached the conclusion, 'that sales in gross may be divided into various subordinate classifications: (1) sales strictly and essentially by the tract, without reference in the negotiation or in the consideration to any designated or estimated quantity of acres; (2) sales of the like kind in which, though a supposed quantity by estimation is mentioned or referred to in the contract, the reference was made only for the purpose of description, and under such circumstances or in such a manner as to show that the parties intended to risk the contingency of quantity, whatever it might be, or how muchsoever it might fall short or exceed that which was mentioned in the contract; (3) sales in which it is evident from extraneous circumstances of locality, value, price, time, and the conduct and conversation of the parties, that they did not contemplate or intend to risk more than the usual rates of excess or deficit in similar cases, or than such as might reasonably be calculated on as within the range of ordinary contingency; (4) sales which, though technically deemed and denominated sales in gross, are in fact sales by the acre, and so understood by the parties.'

" 'Contracts belonging to either of the two first mentioned classes, whether executed or executory, should not be modified by the chancel-

lor when there has been no fraud; but in sales of either of the latter kind, an unreasonable surplusage or deficit may entitle the injured party to equitable relief, unless he has by his conduct waived or forfeited his equity.

Appellee contends that she was deceived by the false representations of appellant as to the quantity of the land; while appellant by his testimony shows that he was buying the whole tract, irrespective of the number of lots therein contained, and while he told appellee there was, he thought, a little over two lots, yet he told her that the number of lots made no difference, as he wanted the whole tract, and that he did not buy it by the lots, but by the tract exclusively.

Applying the law as above laid down to the facts of this case, it is clear that the questions propounded by appellant should have been submitted to the jury. If, as represented, by appellant, he was intending to buy the whole tract, and his statement was that he did not know the number of lots contained in the piece of ground, and was not aware of the quantity of land contained therein, then his statement that he thought there was a little over two lots contained therein would be but a mere opinion and could not be considered as a false representation, and appellee would not be entitled to recover unless there was too great an excess.

"Whenever the excess or deficit is palpable and unreasonable, and such is shown not to have been in contemplation of the parties, relief will be granted, unless the proof shows that the hazard of gain or loss, whatever it might be, was accepted and entered into the contract." and

This principle was covered by the questions propounded by the appellant, and was not fully submitted in the special issues submitted by the court to the jury. Smith v. Fly, 24 Texas, 349; McConnell v. Duke, 29 Texas, 312.

The court submitted questions to the jury on the theory that both parties understood and estimated the amount of land in the tract at the time the deed was made. This was error, as the evidence fails to show there was any mutual understanding as to how much land was embraced in said tract. Plaintiff did not claim to know; she claims to have relied on the statement of appellant, and appellant's testimony shows that he did not know the exact amount of land, but that he was buying irrespective of the amount of land in the tract.

Appellant complains of the court's submitting to the jury the following questions: "(8) Did the defendant agree with the plaintiff that if she sold the property on Washington street to Whaling, he would reconvey to her all the property included in the deed from plaintiff to defendant of date 18th September, 1894, except the Brown lot? (9) If you answer yes to the question last above, then did plaintiff upon said agreement, and the agreement that he, defendant, would release her from the repair contract sell the Washington street property to Whaling? If you answer no to question 8, then no answer is required to question

9. (10) Would plaintiff have sold to Whaling if defendant had not made said agreement, if you find he did make it?"

The evidence shows that if there was any agreement by appellant to re-convey the property to appellee, such agreement was in parol, and came within the statute of frauds, and therefore could form no basis for a re-covery.

There was no question made by appellant but that he did agree to re-lease appellee from the repair contract, and such agreement was not an issue in the case. Appellant having agreed to release appellee to the extent of the value of the repairs contracted for, to-wit, $247.50, such amount became a cash demand against appellant, and the vendor's lien existed on the land conveyed to secure the same; and it was immaterial whether or not appellee made the trade with Whaling depending upon the agreement to reconvey.

For the reason that the issues were not properly presented to the jury, as above indicated, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*