ROBBINS v. WINTERS et al. (No. 8799.)

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 23, 1918. Rehearing Denied April 13, 1918.)

1. COURTS ⊕⟶170 — JURISDICTION AS TO AMOUNT—PETITION.

Where, in one count of petition, plaintiff sued for $150 as the value of a house, and in another count alleged house to be worth $250, and sued for that amount in conversion, the petition, on its face, did not show that less than $200 was involved, and was sufficient to give jurisdiction to county court.

2. LIMITATION OF ACTIONS ⊕⟶180(2)—FACTS AS SHOWN BY PETITION.

A cause of action is not shown by the petition to have been barred by limitation, so as to be subject to special exception, where petition alleges, as the date of conversion, a date less than two years prior to the bringing of the action.

3. FRAUDS, STATUTE OF ⊕⟶63(1)—PAROL RESERVATION OF HOUSE—INTEREST IN LAND.

Where land is conveyed by a warranty deed containing no reservations, a parol agreement reserving title to a house on such land is in effect a parol sale of an interest in land, and within the statute of frauds (Vernon's Sayles' Ann. Civ. St. 1914, art. 3965).

---

⊕⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

4. FRAUDS; STATUTE OF ☞144—ESTOPPEL—PROMISE OF GRANTEE.

Where land is conveyed by a warranty deed containing no reservations, but grantor by parol reserves the right to remove a house sold to another prior to the conveyance, grantee is not estopped to assert the statute of frauds, where his promise to permit removal of house was not made with fraudulent intent.

5. REFORMATION OF INSTRUMENTS ☞31—JURISDICTION.

Where title to a house on land conveyed by warranty deed is reserved by parol, a court having jurisdiction will reform deed to include reservation, but such jurisdiction is in the district court, and not in the county court.

6. FRAUDS, STATUTE OF ☞125(2) — PAROL SALE OF INTEREST IN LAND — ACTION THEREON.

Where land is conveyed by warranty deed, but by parol agreement grantor reserves right to remove house sold to another prior to the conveyance, such agreement being within the statute of frauds, grantor cannot recover damages for breach thereof.

Error from Erath County Court; A. P. Young, Judge.

Action by F. B. Winters and another against B. E. Robbins. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

Hickman & Bateman, of Dublin, for plaintiff in error. Chandler & Pannill, of Stephenville, for defendants in error.

DUNKLIN, J. F. B. Winters and his wife, Mrs. Donnie Winters, sold a tract of land to B. E. Robbins, upon which was situated two houses, and the deed of conveyance contained the usual covenants of general warranty of title. Prior to the execution of that deed the grantors sold to J. W. Winters one of the houses situated on the property. That sale was in parol, and not by any instrument of writing. When the land was sold to B. E. Robbins he was informed by the grantors of the prior sale of the house to J. W. Winters, and he agreed with the grantors at the time of the conveyance that J. W. Winters might remove the house from the land whenever he so desired, but there was no reservation in the deed to that effect; the deed being in terms unconditional and sufficient to convey full title to the land and all improvements thereon. After Robbins took possession of the land under and by virtue of the conveyance to him he refused to permit J. W. Winters to remove the house theretofore purchased by him. J. W. Winters then reconveyed the title to the house to F. B. Winters and wife, Donnie Winters. Robbins also refused to permit F. B. Winters and wife to remove the house from the land, and this suit was instituted by them to recover its value, upon allegations that the defendant, Robbins, had converted the same to his own use. Plaintiffs recovered a judgment, and the defendant has prosecuted this writ of error.

[1] It was alleged in plaintiffs' petition that they had sold the house to J. W. Winters for the price of $150 and the land to Robbins without the house for $1,850; that they would not have sold to Robbins both the house and land for less than $2,000, and so informed Robbins at the time of the sale to him. In one count of the petition plaintiff sued for $150 as the value of the house, together with legal interest thereon, but it was further alleged in other counts of the petition that the house was worth $250, and judgment was sought against Robbins for that sum. In view of the allegations last mentioned, we overrule appellant's first assignment of error to the effect that the petition shows upon its face that the damages sought were less than $200, and that the allegation of damages in the sum of $250 was made for the fraudulent purpose of conferring jurisdiction upon the county court in which the suit was instituted, rather than in the justice court, which had exclusive jurisdiction of the amount really in controversy.

[2] The date of the conversion of the house by Robbins as alleged in the petition was less than two years prior to the institution of the suit, and the petition contains no allegations of any character tending to show that the cause of action arose more than two years prior to the date of the institution of the suit. Hence there is no merit in the second assignment in which complaint is made of the action of the court in overruling a special exception addressed to the petition upon the ground that it showed upon its face that the cause of action alleged was barred by the statute of limitation of two years.

[3] By another special exception to plaintiff's petition the defendant invoked the statute of frauds as barring a recovery in view of the fact that according to the allegations in the petition the sale of the land to Robbins without any reservation of title to the house conveyed title to the house as well as to the land, since the same constituted a part of the realty, and a parol reservation of title thereto would be in effect a sale of an interest in realty by a parol agreement, contrary to the provisions of the statute of frauds, article 3965, 3 Vernon's Sayles' Tex. Civ. Stats.

[4] We are of the opinion that that exception should have been sustained. Plaintiffs sought to avoid the operation of the statute by invoking against the defendant the equitable rule of estoppel by reason of the defendant's express agreement made prior to and at the time the deed was executed that the house might be removed from the land, and the further fact that it was the intention and understanding of all parties to the deed that the same should not operate as a conveyance of the title to the house. But the plea of estoppel contained no allegations of misrepresentation of facts inducing the ex-

ecution of the deed; the only basis for estoppel being the parol agreement of the defendant to permit the removal of the house after the execution and delivery to him of the deed to the land and the parol understanding and agreement between the parties that such right would be reserved to the grantors in favor of J. W. Winters, to whom they had already orally contracted to sell the house.

The case of Brown v. Roland, reported in 92 Tex. 54, 45 S. W. 795, was a suit which involved transactions very similar to the present suit. In that suit, as in the present, the vendor of land sold by parol agreement a certain fixture upon the land which constituted a part of the realty. Thereafter the land was sold to another without any reservation of title to the fixture, and the suit was between the first purchaser of the fixture under the parol sale and a subsequent purchaser of the land with notice of said sale. Our Supreme Court held that the subsequent purchaser of the land acquired title to the fixture, notwithstanding such notice of the claim of the prior purchaser of the fixture by reason of the fact that such parol sale was in contravention of our statute of frauds. However, in that suit no plea of estoppel was urged to avoid the defense based upon the statute of frauds. To the same effect is Lancaster v. Richardson, 13 Tex. Civ. App. 682, 35 S. W. 749. In 10 R. C. L. pp. 833, 834, it is stated in effect that according to some authorities it is not permissible for an estoppel in pais to work a transfer of legal title to land in violation of the statute of frauds requiring such transfer to be evidenced by an instrument in writing. But it is further stated that the weight of authority supports the view that the statute of frauds may become inoperative by an estoppel in pais, but to accomplish that result the acts constituting such estoppel must amount to a clear and palpable fraud. See, also, 16 Cyc. 725, and 20 Cyc. 213.

In 16 Cyc. 752, it is said:

"The doctrine of estoppel by representation is ordinarily applicable only to representations as to facts either past or present, and not to promises concerning the future which, if binding at all, must be binding as contracts. The only case in which a representation as to the future can be held to operate as an estoppel is where it relates to an intended abandonment of an existing right, and is made to influence others, and by which they have been induced to act."

See, also, 16 Cyc. 726; Union Mutual Life Ins. Co. v. Mowry, 96 U. S. 544, 24 L. Ed. 674; Equitable Mortgage Co. v. Norton, 71 Tex. 683, 10 S. W. 301.

It seems clear to us that if it be a correct doctrine that a party may be estopped to rely upon the statute of frauds to avoid the enforcement of a parol contract, the claim for such estoppel must rest upon conduct or representations of fact, or else upon an agreement made with the fraudulent intent to deceive, and thereby to acquire a financial advantage which would not be acquired in the absence of such agreement. In the present suit, as noted already, the estoppel invoked is founded not upon any acts of the defendant or any representation of fact by him which misled the plaintiffs to convey the land to him, but merely upon defendant's parol agreement that title to the house should not pass by the deed, and might be removed in the future by J. W. Winters, in consideration of which agreement the land was sold to the defendant for the price of $1,850; while but for such agreement plaintiffs would not have made the sale for less than $2,000. If, under such circumstances, the force and effect of the statute of frauds could be avoided, then it seems to us that the statute could never be enforced if a plea of estoppel should be urged; and the result would be that the statute would practically be a dead letter. It is to be noted further that in the present suit the plea of estoppel contained no allegation that such parol agreement by the defendant was made for the purpose of defrauding the plaintiffs and with no intention of complying therewith. Nor was there any proof of such fraudulent intent at the time the sale of the land was consummated; on the contrary, plaintiffs have cited evidence to support the contention advanced in their brief that after the conveyance of the land to defendant he recognized J. W. Winters' title to the house and his right to remove it from the land. Furthermore, there is no suggestion in the record that when plaintiffs erected the house upon the land they had no intention that the same should not become a part of the land; but, on the contrary, the evidence all shows conclusively that when erected the house did become a part of the realty.

[5] While the statute of frauds does not operate to prevent the reformation of an instrument, the execution of which was the result of fraud, accident, or mistake (20 Cyc. 279), and, while in one count of the petition, mutual mistake of the parties to the deed in failing to include in its terms the reservation of title to the house was pleaded, together with further allegations that defendant fraudulently procured the drafting of the deed in such manner as to omit therefrom such reservation of title to the house, yet it is clear that the trial court was without jurisdiction either to reform or cancel the deed. Jurisdiction to grant that relief was exclusively in the district court.

[6] As noted above, plaintiffs' suit was for damages for conversion of the house, the title to which it was claimed never passed to the defendant, but was reserved from the operation of the deed. There are other allegations in the petition which may in general terms present a claim for damages for breach of the oral contract to permit the removal of the house from the land. That theory of

recovery is untenable, since the primary object of the statute of frauds is to prevent any action founded on a contract which is not in compliance therewith. 20 Cyc. 284.

For the reasons indicated, the judgment is reversed, and the cause is remanded.

Reversed and remanded.