## GOODWIN v. KING. (No. 1279.)

(Court of Civil Appeals of Texas. Beaumont. Jan. 21, 1926.)

**I. Frauds, statute of &#8680;72(I)—Oral promise to reconvey mineral rights held promise to convey an "interest in land," void under statute of frauds (Rev. St. 1925, art. 3995).**

Oral promise to reconvey mineral rights in land conveyed to defendant *held* promise to convey an "interest in land," and hence void, in view of statute of frauds (Rev. St. 1925, art. 3995).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interest (In Property).]

**2. Vendor and purchaser &#8680;239(I)—Vendor cannot recover mineral rights in land conveyed to defendants, where they had been purchased by another, in good faith, prior to institution of suit.**

Vendor cannot recover mineral rights in land conveyed to defendants, where, before institution of suit, they had been purchased by another, in good faith, for a valuable consideration, and without notice of vendor's claim therein.

**3. Frauds, statute of &#8680;125(2)—Vendor cannot recover damages for breach of oral promise of purchaser to reconvey mineral rights, in absence of allegation or proof of fraudulent intent when such promise was made.**

Vendor cannot recover damages for breach of purchaser's oral promise to reconvey mineral rights in land sold to him, where there was no allegation or proof that when purchaser made such promise he did so to defraud vendor, and had no intention of complying therewith.

Appeal from District Court, Sabine County; V. H. Stark, Judge.

Suit by L. E. King against C. C. Goodwin and another. Judgment for plaintiff against the named defendant, and he appeals. Reversed and rendered.

Minton & Minton, of Hemphill, for appellant.

L. E. King and Adams, King & Adams, all of Hemphill, for appellee.

O'QUINN, J. This was a suit filed in the district court of Sabine county, Tex., by appellee, L. E. King, against appellant, C. C. Goodwin and the Temple Lumber Company, to recover one-half of the mineral rights (oil, gas, minerals, and mineral substances) in, upon, or under certain lands described in his petition, rather than a money judgment, but, in the alternative, for the value of one-half of such mineral rights. He alleged that on June 5, 1918, he was the owner in fee simple and had equities in and the right to dispose of certain tracts of land aggregating 1,196 acres; that on said date he entered into a contract with appellant, C. C. Goodwin, whereby he agreed to convey said lands to Goodwin and to, within 60 days, furnish abstracts of title to said lands, and Goodwin was to have 30 days to examine and pass upon the title as shown by the abstracts, and that appellee was to have 30 days in which to perfect the title to any of the tracts deemed not good, and Goodwin to have the right to accept either of said tracts as the title to same was approved; that the consideration for the purchase of said lands was $10 per acre, one-fourth cash and the remainder in one, two, and three year installments; that the right to purchase said lands on said terms was allowed Goodwin only upon the condition that he (Goodwin) was to negotiate the notes so given for cash to appellee, and that appellee was to have the right to retain and reserve from said sale the one-half of all the oil, gas, minerals, and mineral substances in, upon, and under said lands; that on September 19, 1918, Goodwin presented to appellee a deed conveying said lands from appellee and wife to him (Goodwin) in which the one-half of the oil, gas, and other minerals was not reserved, according to their contract of June 5, 1918, and that he (appellee) refused to execute same, for the reason that said reservation of said one-half of the oil, gas, and other minerals was not contained in said deed, and that appellant, Goodwin, then and there requested him (King) to execute said deed and promised him that, if he would execute said deed, he (Goodwin) would convey back to him a one-half of the oil, gas, and other minerals in and under said lands,

and that, relying upon said promise, he (King) did execute said deed and had his wife to execute same and did deliver said deed to appellant, relying upon his said promise to reconvey to him said one-half of the mineral rights in and to said lands, and that otherwise he would not have executed said deed; that thereafter appellant, Goodwin, transferred the said lands to W. F. Goodrich, without any mineral reservation, and that said Goodrich transferred the lands to the Temple Lumber Company; that appellant, Goodwin, had failed and refused to reconvey to appellee one-half of the oil, gas, and mineral substances in and under said lands, though often requested; that, at all times from the execution and delivery of the deed from appellee to Goodwin, appellee relied upon the promise of the appellant, Goodwin, to reconvey to him the one-half of the mineral rights in and to said lands; and that, but for the promise of the appellant, Goodwin, he would not have executed nor delivered the said deed of conveyance to appellant. Appellee alleged the value of the one-half of the minerals in and under said lands to be $2,-000. Appellee further pleaded that the Temple Lumber Company held one-half of the mineral rights in and to said lands in trust for appellee by virtue and because of appellant Goodwin's breach of his oral promise to reconvey to appellee the one-half of the mineral rights to said lands. The written contract between appellant, Goodrich, and appellee, of date June 5, 1918, was made an exhibit to plaintiff's petition.

Appellant, Goodwin, answered by general demurrer, special exception that the oral promise to reconvey the said one-half of the oil, gas, and minerals in and under said lands was a promise to convey an interest in land, and therefore in violation of the statute of frauds, general denial, and a special plea that the contract of date June 5, 1918, was never carried out, but was mutually abandoned, and that a new contract, of date September 19, 1918, was entered into, by which appellant bought of appellee 880 acres of land for a cash consideration of $8,800, the same being a part of the lands described in appellee's petition, and that the deed thereto was executed and delivered by appellee and his wife without mention of reserving mineral rights of any character.

The defendant Temple Lumber Company answered by general demurrer, special exception that the oral promise alleged by appellee was an oral promise to convey an interest in land, and therefore in violation of the statute of frauds, and unenforceable, general denial, a sworn denial that appellant, Goodwin, in purchasing the lands from appellee, was acting as the agent or in behalf of said Temple Lumber Company, and that it purchased the lands in question from W. F. Goodrich for a good and valuable consideration, in good faith, and without notice of the contract in writing mentioned in appellee's petition, and without notice of the alleged oral agreement of appellee with appellant, Goodwin.

There was no replication to either of the answers made by appellee. The case was tried to the court with the assistance of a jury. At the conclusion of the evidence, appellant, Goodwin, presented to the court a special charge for a peremptory instruction in his favor, which was refused. Appellant, Goodwin, then objected and excepted to the court's charge to the jury, among other objections, that under the law and the facts no issue should be submitted, for in that (1) if any promise was made to reconvey it was in violation of the statute of frauds and unenforceable; and (2) that appellee had neither pleaded nor proved there was any fraud or mistake in the execution or delivery of the deed from appellee to appellant.

The cause was submitted to the jury upon special issues, upon the answers to which judgment was rendered for appellee against appellant, Goodwin, in the sum of $567.50. Judgment was for defendant Temple Lumber Company. Goodwin's motion for a new trial was overruled, and he appealed.

In answer to the first special issue, the jury found that appellant, Goodwin, at the time King and wife executed and delivered to him their deed to the lands in controversy, promised King that he (Goodwin) would reconvey to him one-half of the mineral rights in and to said lands. Answering the other special issue, the jury found the market value of one-half of the mineral rights in and to the several tracts of land.

[1-3] We think that appellant's assignment that the court erred in refusing to give his requested charge for a peremptory instruction should be sustained. Plaintiff's petition showed on its face that the oral promise to convey was a promise to convey an interest in land. Texas Co. v. Daugherty, 176 S. W. 717, 107 Tex. 226, L. R. A. 1917F, 989. It was therefore in violation of the statute of frauds, which was specially pleaded by appellant. Article 3995, R. C. S. 1925; Lancaster v. Richardson, 35 S. W. 749, 13 Tex. Civ. App. 682; Robbins v. Winters (Tex. Civ. App.) 203 S. W. 149. Appellee's prayer that he be given judgment for a reconveyance of one-half of the mineral rights in and to the land conveyed by him and his wife to Goodwin could not be granted, because the record, without dispute, shows that the Temple Lumber Company had, before the institution of the suit, in good faith, for a valuable consideration, and without notice of appellee's asserted claim or right, purchased the lands from Goodwin. Therefore the judgment in its favor was properly rendered. Nor can appellee recover judgment against Goodwin for damages for the breach of his oral promise to reconvey. There was no allegation in appellee's petition that the oral promise of

Goodwin to reconvey one-half of the mineral rights in and to said lands at the time he made same was made for the purpose of defrauding appellee and with no intention of complying therewith, nor was there any proof of any such fraudulent intent at the time the deed was executed conveying the lands to appellant, Goodwin, by appellee when the oral promise to reconvey was made. Robbins v. Winters (Tex. Civ. App.) 293 S. W. 149, 151; Davis v. Dilbeck (Tex. Civ. App.) 232 S. W. 927.

The judgment of the court below is reversed, and judgment here rendered for appellant.

Reversed and rendered.