## THOMAS WEATHERLEY v. KING E. CHOATE.

Where a note was put up as a forfeit to secure the performance of a verbal sale of land, it was wanting in consideration, and could not constitute a cause of action.

Appeal from Harris. Tried below before the Hon. P. W. Gray.

Suit on a promissory note for seventy dollars before a Justice of the Peace. Judgment for the plaintiff and brought by *certiorari* to the District Court.

On the trial the plaintiff below read in evidence the note and closed.

The defendant below proved that he and the plaintiff in November, 1856, entered into a verbal agreement, whereby the latter agreed to sell, and the former to purchase of him a tract of land in Harris county ; that each executed to the other his note for the sum of seventy dollars, as a forfeit in the event either should fail to comply with his agreement, which was to be performed on the 1st January, 1857. That these notes were placed in the hands of a third party with the understanding, that if Choate failed to pay the money on the 1st January, 1857, he should forfeit his note, and both notes should be delivered to Weatherley ; and on the other hand, if Weatherley failed to make Choate a good title on the day named to the land, he should forfeit his note, and both notes were to be delivered to Choate. That Choate did not call on the 1st January, or pay or tender pay for the land, nor did Weatherley make or tender a deed for the same. But that Choate told the holder of the notes, before or about that time, that he could not raise the money to pay for the land, and that

on the 1st January, 1857, or in a few days after, the notes were delivered to the plaintiff below.

The Court charged the jury as follows:

"If you believe from the evidence that the note sued on was given as a forfeit to be handed to plaintiff, in case defendant failed to pay the price, of a tract of land by a given time, and that the agreement for the sale of the land, was verbal and not in writing, signed by plaintiff, then the consideration for the note is insufficient in law, and you will find for defendant; but if you believe otherwise, find for plaintiff the amount of note and interest."

There was verdict and judgment for the defendant below.

The appellant assigns as error,

1st. The charge of the Court.

2nd. Its refusal to grant a new trial.

*A. P. Thompson,* for appellant.

*A. N. Jordan,* for appellee.

ROBERTS, J. There is but one question in the case. The Court charged the jury if the note was put up as a forfeit to secure the performance of a verbal sale of land, it was wanting in consideration, and could not constitute a cause of action.

This was not erroneous. The parties made a verbal contract concerning the sale of a tract of land, to be completed by passing the title and paying the money on a particular day. This note was to be forfeited and given over to Weatherley, if Choate failed to pay the money on that day. And a corresponding note was to be forfeited and given over to Choate, if Wheatherley failed to make title to the land on that day. The consideration of the note of Choate, then, was a release from his obligation to pay the purchase money and receive a title to the land. Under the verbal contract Choate was un-

der no legal obligation to pay the purchase money, and complete the contract, it not being in writing. (Hart. Dig. Art. 1451.) The contract upon which the note is based, as a collateral incident, not being such as can be enforced, the note falls with it. (6 Humph. R. 261.) This note is in the nature of a gift *in futuro*, or a promise of a gift upon a contingency; which cannot be enforced in law. (Chevallier v. Wilson and Wife, 1 Tex. R. 161.)

Judgment affirmed.