## B. F. BOYD v. A. W. BOYD.

Decided December 16, 1903.

**1.—Deed—Parol Evidence to Vary.**
The admission of parol evidence to show that a deed relied on by the adverse party was intended to be a will was not ground for reversal, where the instrument was void because it contained no sufficient description of the property, and where an instrument was shown to have been executed at the same time showing that the grantee held it in trust for the grantor.

**2.—Same—Trust.**
Parol evidence is inadmissible to show that a deed absolute upon its face was in trust for the grantor.

**3.—Law of Sister State.**
In the absence of evidence that the law of Arkansas as to creation of parol trusts is otherwise, it will be presumed the same as in this State.

**4.—Partnership—Dissolution—Parties.**
To an action for dissolving partnership all the partners should be made parties.

Appeal from the District Court of Llano. Tried below before Hon. Clarence Martin.

*Chas. L. Lauderdale,* for appellant.

*A. W. Boyd* and *Fiset, Miller & McClendon,* for appellee.

KEY, ASSOCIATE JUSTICE.—Appellant's statement of the nature and result of this suit is substantially correct, and is as follows:

This action was instituted by apellee against appellant alone, on October 15, 1902, to dissolve and settle the business of a copartnership by him alleged to exist among three persons, being himself, the defendant and R. Boyd; to recover his alleged share, alleged to be one-half of the assets of said copartnership, consisting of the lands described in the petition and of an uncertain and undescribed lot of cattle; to compel an accounting by defendant alone, and to recover the proceeds of any of said assets sold by defendant, and to establish a lien upon the interest of said defendant in said assets and cause same to be condemned and sold to satisfy and pay to the plaintiff $3811, alleged to have been advanced by him to defendant; plaintiff alleging that he had advanced and delivered to defendant that amount of money for investment for himself and defendant in said partnership business, under an agreement between them whereby he was to furnish one-half of the funds to be invested in said business, for himself and defendant equally, defendant contributing his time and labor in lieu of interest on half of said sum, while R. Boyd agreed to furnish the other half of such funds, taking a half interest in the business.

Defendant pleaded a general denial; denied the partnership specially under oath, and by cross-action sought to recover certain loans and advances made by him to plaintiff. He specially alleged that the moneys alleged by plaintiff to have been advanced to him, as

well as those which he loaned to plaintiff, were derived from the rents and sales of certain lands situate in the State of Arkansas, sold and conveyed in 1894 by plaintiff to defendant, such rents accrued and sales made after such sale and conveyance to defendant, and while they were defendant's property and as his property, and he further alleged that he executed to plaintiff a power of attorney to sell and convey the remainder of said lands and receive the proceeds of sales as defendant's agent, and that under said power and as such agent plaintiff did sell said lands and received therefor $10,500, which he misappropriated, invested part of it in lands in his own name in Texas, and refused to account for any of it, and defendant under proper allegations and prayer sought judgment against plaintiff for the money loaned to plaintiff, $3989.57, and the $10,500; also the rents collected by plaintiff on certain real estate situate in Harris County, Texas, belonging to plaintiff and defendant jointly; and also for partition of ten acres of land belonging to them in said county.

The cause was tried by the court without a jury at May term, 1903, and judgment rendered on May 28, 1903, that defendant take nothing by his cross-action; that plaintiff recover of defendant $3811, and that the alleged partnership be dissolved as between them.

It was shown by clear and undisputed testimony that the plaintiff had executed and delivered to the defendant two deeds, one dated January 10, 1894, and the other dated January 16, 1894, conveying to the defendant certain lands in the State of Arkansas. It was also shown by the same character of testimony that part of the money for which the plaintiff recovered judgment in this suit was obtained by the defendant from sales and rents of the lands referred to. After the deeds referred to had been introduced in evidence, the plaintiff was permitted, over the objection of the defendant, to introduce oral testimony tending to show that neither instrument was intended to operate as an absolue conveyance of land; and that the one dated January 10th was intended as a will; and that the other was executed for the sole purpose of enabling the defendant to sell the land therein described for the benefit of the plaintiff, and that it was agreed that he was to hold the land in trust and as the agent of the plaintiff.

The admission of the testimony referred to is complained of in appellant's first asignment of eror. So much of that testimony as related to the instrument dated January 10, 1894, was admissible, for two reasons: (1) That instrument was void, because it did not designate in what county, parish or State the lands were situated, nor give any other description by which they could be identified (Morris v. Hunt, 51 Texas, 610; Jones v. Carver, 59 Texas, 293; Cokes v. Roberts, 71 Texas, 597); and (2) there was testimony tending to show that at the time of the execution and delivery of that instrument the defendant executed and delivered to the plaintiff a written instrument, showing that he was to hold the lands therein referred to in trust for the plaintiff.

However, as to the other deed from the plaintiff to the defendant, of

date January 16, 1894, error was committed by the court in admitting and. considering parol evidence tending to show that that instrument was not intended as an absolute conveyance, but as a trust by which the plaintiff remained the owner of the lands and entitled to the proceeds and revenues derived therefrom. The written instrument which the plaintiff testified that the defendant had executed to him was not produced, and it was not shown that it referred to the lands conveyed by the plaintiff to the defendant in the deed of January 16, 1894. On the contrary, the plaintiff's own testimony shows that it did not, because he stated while on the witness stand that he took no writing back from the defendant in reference to the lands conveyed by his second deed. If the lands referred to had been situated in this State, the testimony complained of would not have been admissible. . McClendon v. Brockett, 73 S. W. Rep., 854. The case cited shows that the testimony was not admissible for the purpose of establishing a trust, and that the plaintiff could not defeat his deed by showing that there was no consideration for its execution.

In the absence of specific proof as to the law in Arkansas, the presumption is that it is the same as in this State. The plaintiff submitted no proof tending to show that it was otherwise, but the defendant put in evidence a statute of that State which requires trusts in real estate to be evidenced by an instrument of writing.

All the other assignments of error have been considered, and are overruled, except the one which complains of the judgment dissolving the partnership without making R. Boyd, the other alleged partner, a party to the suit. The plaintiff alleged in his petition that the partnership consisted of himself, the defendant and R. Boyd, and having made such an averment and prayed for a judgment dissolving the partnership, R. Boyd should have been made a party before proceeding to trial; and certainly, the court had no power to dissolve the partnership existing between three persons, when only two were parties to the litigation.

For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*