PORTER v. MEMPHIS LAND & COMMIS-
SION CO. et al.

(Court of Civil Appeals of Texas. Amarillo.
June 7, 1913. Rehearing Denied
June 28, 1913.)

1. FRAUDS, STATUTE OF (§ 110*)—REAL PROP-
ERTY — EXCHANGE — DESCRIPTION — SUF-
FICIENCY OF.

A description of land in a contract of sale
as 263 acres a specified distance N. E. of M.,
coupled with recitals that an incumbrance exist-
ed of about $8,140, that it had been inspected
and accepted by the purchaser, and that the ven-
dors were to have possession to January 1st
to gather their crops, was sufficient within the
statute of frauds, since the last recital implied
possession by the vendors, and it and the oth-
ers refer to facts which can be used to aid the
description.

[Ed. Note.—For other cases, see Frauds,
Statute of, Cent. Dig. §§ 225–236; Dec. Dig. §
110.*]

2. APPEAL AND ERROR (§ 1050*)—HARMLESS
ERROR—ADMISSION OF EVIDENCE.

The admission of evidence that plaintiff
was at all times ready to comply with the con-
tract, over objections that it was not alleged
that plaintiff could have complied, and that the
question and answer were a legal conclusion
and an opinion, if error, was without preju-
dice, where the defendant had refused to com-
ply with his part of the contract before plain-
tiff's time to comply had expired.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 1068, 1069, 4153–4157,
4166; Dec. Dig. § 1050.*]

3. VENDOR AND PURCHASER (§ 303*)—PER-
FORMANCE — RESCISSION — DEMAND — TEN-
DER—NECESSITY FOR.

Where the purchaser refused to comply
with a contract for the sale of real estate be-
fore the vendor's time for performance had
expired, it was unnecessary for the vendor to
tender his deed and abstract and demand per-
formance, though without such refusal such
tender and demand would have been essential.

[Ed. Note.—For other cases, see Vendor and
Purchaser, Cent. Dig. §§ 851–861; Dec. Dig. §
303.*]

Appeal from Hall County Court; Jno. D.
Bird, Judge.

Action by the Memphis Land & Commis-
sion Company and others against M. L. Por-
ter. From a judgment for plaintiffs, the de-
fendant appeals. Affirmed.

Taylor & Humphrey, of Henrietta, for ap-
pellant. H. D. Spencer, A. S. Moss, and J. V.
Leak, all of Memphis, for appellees.

HENDRICKS, J. The appellee sued the
appellant, M. L. Porter, upon a check for the
sum of $500, and upon the following contract
as liquidated damages, alleging the failure of
appellant to comply with said contract to
convey the land in exchange described there-
in: "State of Texas, County of Hall. The
memorandum of agreement this day entered
into by and between R. L. Moreman of Hall
county, Tex., parties of the first part, and
M. L. Porter of Clay county, Tex., party of the
second part, witnesseth: That the party of

the first part hereby sells to the party of
the second part 263 acres of land 1½ miles
N. E. of Memphis, Tex., for $40 per acre,
total $10,520, placed on his Bellevue property,
and it is agreed and understood that the
second party is to make the first payment
on said land with two certain described
houses, one five and one seven room house
located in the town of Bellevue, Tex., and
priced at $3,500. Now, there being an in-
cumbrance of about $8,140 on said 263 acres
above described, it is agreed that the party
of the second part is to assume all incum-
brance, and, if the $3,500 valuation amounts
to more than the equity in the land of the
first party, then the first party is to execute
notes back on the Bellevue houses to the
amount of the difference in the equities as
it may appear, said notes to be payable in
one and two years from date at 8 per cent.
interest. Now that the second party having
inspected the land and accepted it on the
above terms, it is agreed that the parties of
the first part shall have time to go and in-
spect the Bellevue property, and on inspec-
tion find it as represented and wish to ac-
cept it as above stated, then this deal shall
be agreed to by both parties, and considered
made, and only pending the getting up of the
deeds and abstracts of each tract of land
sought to be conveyed, and each party is to
have as much as 30 days in which to get up
his papers. Said second party is to give pos-
session September 1, 1912; but the said par-
ties of the first part are to hold possession
until January 1, 1913, for the purpose of
gathering the crop now growing on said land.
After inspection and acceptance of the Belle-
vue property, each party agrees to put up
as liquidated damages $500 to the Memphis
Land Company, to be held by them in case
either party fails or refuses to comply with
any way with the above contract. Witness
our hands this the 5th day of August, 1912.
Parties of the First Part: B. W. Moreman,
R. L. Moreman. Party of the Second Part:
M. L. Porter."

[1] We regard the controlling question in
the case whether or not the contract, with
reference to the matter of the description of
the 263 acres of land, is sufficient under the
statutes of frauds. And, if so, we think un-
der the evidence that appellee should recover.

The testimony is conclusive that upon the
6th day of August, the contract having been
executed upon the 5th, the Bellevue property
was inspected and accepted, hence the deal
was then concluded under the terms of the
contract, and we also find from the testi-
mony that M. L. Porter, the appellant herein,
and defendant in the lower court, breached
the contract before the expiration of the
time in which it is recited the deeds and ab-
stracts could be prepared and tendered by
calling the trade off. We think the descrip-
tion, "263 acres of land, 1½ miles northeast

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

of Memphis, Tex.," of itself would be insufficient to meet the requirements of the statute of frauds; but the contract refers to an incumbrance of about $8,140 upon the land, and makes a recitation of a past fact which can be made certain, that the land (meaning the 263 acres) had been inspected by the second party, and had been accepted, and further recites that the parties to the contract, the Moremans, who are to convey the land, are to hold possession of the same until January 1, 1913, for the purpose of gathering their crops growing upon said land—clearly implying, we think a recitation of possession by the Moremans of the land by that expression in the contract.

If the description of the land in the contract was confined to the recitation, "263 acres of land, 1½ miles northeast of Memphis, Tex.," we would be inclined to agree with appellant that the case of Price v. Hays, 139 S. W. 810, decided by the Kentucky Court of Appeals, might apply, in which cause was considered a contract containing a description of "about 150 acres of land near Otter Creek station, one mile north of Rineyville, Hardin county, Ky., on I. C. R. R." However, the Kentucky Court of Appeals, in passing upon that description, refers to the case decided by the same court, of Campbell v. Preece, 133 Ky. 572, 118 S. W. 374, nearer in point. In the latter cause, the Supreme Court of Kentucky discussed a contract made up in part of the following receipt: "$265.00. Phelps county, March 31, 1899. Received of Joseph Preece $265 as part payment of the land sold him by myself on the Shanty branch." The court said: "The writings speak of the transaction in the past tense. It refers to the land which Campbell had sold to Preece. If it had stated, 'the land where Joseph Preece now lives,' or the land 'where Joseph Preece lived in 1899,' it would not be questioned that the description would have been sufficient. Parol evidence is always receivable to identify the land spoken of in the writing, but not to designate it." And the court further said: "It is never good to refer to a future event, as that could not have been certain when the memorandum was made. But a general reference to an existing or past event is good, for that which has transpired is changeless. * * * 'The place where I live' identifies one place only, and is susceptible of being shown definitely and unerringly;" and referring to the terms of that contract, the court further said: "The place which I sold to A. is always susceptible of identification, and, if I had sold but one place to A., it is as certain as would have been a more particular description. It is from such instances that the maxim has arisen, 'That is certain which can be made certain.'" Hence we have from the terms of this contract a certain extrinsic fact referred to, that is, inspection of this property and its acceptance by the party who was to receive the conveyance, as well as a clear implication from the contract that the other party had the possession of the land. We think the contract sufficient within the statute of frauds with reference to description, and overrule all assignments based upon that question.

[2] Appellant raises the question that the following testimony was not admissible, because it is not alleged that the appellee could have complied with the terms of the contract, and because the question and answer noted is a legal conclusion and an opinion of the witness: Q. "Now, Mr. Moreman, I will ask you if you were at any time and all times ready and willing to comply with your part of the contract? A. Yes, sir; I was."

[3] Appellee had alleged that he was ready and willing at all times to comply with the terms of the contract, which, upon the development of the testimony, we take it the pleading was sufficient for the reason that the evidence disclosed that appellant had abandoned the contract before the time had expired in which the Moremans had the right to comply, and the tender of the abstract and the deed by them would have been ineffectual on account of appellant's conduct. It is clear the latter would have refused an abstract and a deed if tendered to him. We think the following language of the Supreme Court of Illinois, in the case of Bucklen v. Hasterlik, 155 Ill. 432, 40 N. E. 564, is peculiarly appropriate to the decision of this question: "It is also insisted that appellee, not having actually tendered deed to appellant, is not entitled to the earnest money. * * * The rule is that a tender is never required, nor is its omission ever prejudicial, where, from the circumstances, it is clear that such tender, if made, would have been refused. The law does not require the performance of a mere idle act, or one which would be useless, and appellant had never at any time indicated that, if the deed were tendered on this title, he would accept it. Where a vendee objects to a title, a tender of a deed which he declares he will not accept is unnecessary."

Appellant's refusal to comply eliminates the necessity of the Moremans offering something which is clear would have been refused. If appellant had not called off the trade, of course, in order to recover, appellee should have pleaded and proven that it had complied with the contract, that is, alleging a tender of an abstract and deed under the terms of the contract; but appellant has obviated this prerequisite by his repudiation of the contract, and practically offers no defense upon the merits except the statute of frauds. The testimony admitted, if error, did not prejudice the cause.

We think it is clear from the decisions that under the terms of this contract and the evidence the parties thereto specifically intended that the checks were to constitute liquidated damages, and we believe that a

discussion of other assignments would be unprofitable, and conclude that the cause should be affirmed.