## DAVIS v. DILBECK et al. (No. 6375.)

(Court of Civil Appeals of Texas. Austin. June 15, 1921.)

1. **Frauds; statute of ⊝110(1)—Stipulation in forfeit note insufficient as to description of land to take case out of statute.**

Stipulation in note, that it was given as a forfeit on 331½ acres of land, in case the maker gave perfect title thereto in a reasonable time the note to be null and void, and as soon as he delivered deed to 331½ acres of land out of "J. Burns survey" to plaintiff, was insufficient to take the case out of the statute as to contracts for sale of lands, as it does not contain a sufficient description of the land, and does not refer to any record or other document in aid of the description given.

2. **Frauds, statute of ⊝128—Note executed in aid of parol contract for sale of lands unenforceable for want of consideration.**

Where a contract for the sale of land was not in writing, a note executed in aid of such contract was wanting in consideration, and is not enforceable.

Appeal from District Court, Coryell County; J. H. Arnold, Judge.

Suit by J. W. Dilbeck against L. F. Davis and another. From judgment for plaintiff, defendant Davis appeals. Reversed, and judgment rendered for defendant Davis.

Clay McClellan, of Gatesville, for appellant.

KEY, C. J. J. W. Dilbeck brought this suit against the Guaranty State Bank & Trust Company and L. F. Davis. In the plaintiff's petition, it was alleged, in substance, that the plaintiff and the defendant Davis entered into a contract by which Davis agreed to sell and convey to the plaintiff two tracts of land out of the Jos. Burns survey, in Coryell county, Tex., for an agreed consideration of $75 per acre. The petition sets forth the manner in which the plaintiff was to pay for the land referred to, which included a conveyance by the plaintiff to the defendant Davis of certain real estate. It was further alleged that at the same time the plaintiff and the defendant Davis each executed and placed with the defendant bank a forfeit note for $1,000, and agreed that, if either party to the contract should fail or refuse to comply with its terms, then the forfeit note executed by him should become the property of the other party as a forfeit and liquidated damages, in full settlement for such default. The plaintiff prayed for judgment requiring the bank to deliver the forfeit note executed by the defendant Davis to him, and that he have judgment thereon against the defendant Davis.

The bank, in its answer, averred that it was a stakeholder, and was willing to abide the decision of the court and deliver the notes in accordance with the court's instruction. The defendant Davis, by his answer, excepted generally and specially to the plaintiff's petition, and denied generally the allegations thereof. He pleaded certain other matters, but specifically pleaded the statute of frauds, and averred that, if the contract pleaded by the plaintiff was made, it was in parol, and therefore illegal and void; that the note sued on represented damages for the breach of that contract, and that the contract being in violation of the statute of frauds and void, the note was therefore without consideration. Davis' answer contained other and more specific averments not deemed necessary to set out here. It is suffice to say that the pleadings raised two other issues, which the trial court submitted to the jury.

The defendant Davis, by exceptions to the plaintiff's petition and to the charge of the court, and by a requested instruction, which was refused, sought to have the trial court sustain his defense of the statute of frauds, but that court refused to do so. Upon the answer of the jury to two special issues, which did not relate to the statute of frauds, the trial court rendered judgment requiring the bank to deliver the Davis forfeiture note to the plaintiff, and that the plaintiff recover judgment thereon against the defendant Davis, and the latter has appealed.

The statute of frauds requires contracts for the sale of real estate to be in writing, and we presume that the trial court held that the contract here involved was in compliance with that statute, because the note sued on contains the following stipulation:

"This note is given as a forfeit on 331½ acres land, and in case I give perfect title thereto in a reasonable time, then this note is null and void, and as soon as I deliver deed to 331½ acres of land out of J. Burns survey to J. W. Dilbeck.          L. F. Davis."

[1, 2] By proper assignments of error, counsel for appellant complains of the various rulings of the court against his contention that the plaintiff was not entitled to recover on account of the statute of frauds, and we sustain at least two of his contentions, which are: First, that the stipulation in the note, relied on by the plaintiff as taking the case out of the statute of frauds, is not sufficient, because it does not contain a sufficient description of the land, nor refer to any record or other document in aid of the description given; and therefore, and secondly, the contract for the sale of the land not being in writing, the note sued on, which was executed in aid of that contract, is want-

ing in consideration and cannot be enforced.

In support of the first proposition, we cite the following authorities: Rosen v. Phelps, 160 S. W. 104; Penn v. Tex. Yellow Pine Lbr. Co., 35 Tex. Civ. App. 181, 79 S. W. 842; Cammack v. Prather, 74 S. W. 354; Patterson v. Patterson, 27 S. W. 837; Boyd v. Boyd, 34 Tex. Civ. App. 57, 78 S. W. 39; Jones v. Carver, 59 Tex. 293; Coker v. Roberts, 71 Tex. 597, 9 S. W. 665; Norris v. Hunt, 51 Tex. 610. On the second proposition, the following authorities are cited: Thomas Weatherley v. Choate, 21 Tex. 272; Cross v. Everts, 28 Tex. 524; Pitts v. Kennedy, 177 S. W. 1016; Robbins v. Winters, 203 S. W. 149; Schulz v. Schirmer, 49 S. W. 246; 20 Cyc. 284.

The authorities referred to show that the instrument of writing, relied on as taking the case out of the statute of frauds, is insufficient, because it does not describe the land referred to with that degree of certainty which the authorities hold to be requisite, and that a contract entered into, in aid of another contract which violates the statute of frauds, is without consideration and cannot be enforced.

Hence we conclude that the judgment appealed from should be reversed, and judgment here rendered for the appellant, and to the effect that the appellee take nothing by his suit.

Reversed and rendered.

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes