ACME PRODUCTS CO. v. DUNLAP et al.

No. 8510.

Court of Civil Appeals of Texas. Austin.

July 28, 1937.

Cofer & Cofer, of Austin, for appellant.

Felts, Wheeler & Wheeler, of Austin, for appellees.

McCLENDON, Chief Justice.

Appellant sued appellees for damages arising out of a breach of contract under which appellees agreed to purchase from appellant an option upon land in Arkansas. The trial court sustained a plea in abatement and dismissed the suit. The plea was predicated upon the proposition that the pleadings of appellant showed on their face that the writings upon which the contract was based did not identify the land covered by the option, and to supply the omission by parol evidence was inhibited by the statute of frauds (Vernon's Ann. Civ.St. art. 1288). Whether the pleaded writings sufficiently identified the land constitutes the sole question the appeal presents.

The pleadings in this regard, substantially stated, allege: Appellant was the owner, through assignment, of an option to purchase specifically described land in Pike county, Ark., executed by C. R., M. L., and B. L. Irwin, owners. August 7, 1934, appellant wrote one of the appellees as follows:

"As the Radio announcer says, 'this is W. B. Dormon, Sr. etc.' announcing for the Acme Products Company. I keep this little Company, to handle my outside business, to keep it separate from my practice.

"Following up our conversation yesterday afternoon, I had an interview with the Messrs. Erwans, owners in fee of the tract under negotiation.

"Perhaps, you recall that in our conversation I asked you if you were the man that was dealing with Messrs. Erwan, and stated to you that I had agreed with them to surrender my option if they had a bona fide deal. It is their understanding that you will buy their tract outright, in fee, if I will surrender my option so that you can get good title and immediate possession of the tract. These men are very honorable men and have co-operated with me, and I had agreed with them sometime ago, about a week or ten days ago, to be more definite, that I would not stand in the way of them selling their tract, and would surrender my option for the refund or payment of the amount I had expended, which was about $400.00, (have not checked up the expenditures yet, but that is the figure that I have in mind. I have several mineral tracts under control) this figure might vary a little more or less, but it is in this neighborhood.

"So, confirming our verbal agreement of yesterday, based upon the above conditions, I will give you the ten days from yesterday, until 15th inst., inclusive in which time you will consummate the deal, purchase my option for cash, and arrange the consummation of the deal for tract in fee to and with the Messrs. Erwans. When you are thus ready, I will properly assign the option to you.

"Thanking you for the privilege of co-operation with you, which we hope will mean some good mineral development, and that you will make satisfactory compensation in mining cinnabar, I am."

The following day appellees wired appellant: "We accept agreed option on Irwin tract at Four Hundred Dollars Stop Will be in Nashville to close not later than August thirteenth Wire acceptance."

Appellant wired its acceptance the same day.

It was also alleged that the land covered by the option was known as the Irwin tract and that this was the only tract upon which plaintiff had an option.

The two rules of law applicable here are:

(1) "It is not necessary that the property be described in the writings of the parties with sufficient definiteness to identify it, provided the writings furnish the means of identification by reference to other instruments which do identify the property." Taylor v. Lester (Tex.Civ.App.) 12 S.W. (2d) 1097, 1098 (error ref.)

(2) "While oral testimony is not admissible to prove the terms of a contract which the parties have put in writing, such evidence is admissible to apply the terms of the contract to the subject-matter—that is to say, to identify the subject-matter where the contract itself furnishes the key to identification." 20 Tex.Jur. p. 313, § 103.

The option definitely described the land. The letter referred to the option. And the telegram under the pleadings re-

ferred to the letter. We hold the writings sufficient under the pleadings and the above well-established legal principles.

The following Texas cases, cited by appellant and presenting fact situations more or less closely analogous to those at bar, support the above holdings: Abilene v. Sayles (Tex.Com.App.) 295 S.W. 578; Day v. Townsend (Tex.Com.App.) 238 S.W. 213; Spaulding v. Smith (Tex.Civ.App.) 169 S.W. 627 (error ref.); Beaton v. Fussell (Tex.Civ.App.) 166 S.W. 458; Porter v. Memphis, etc., Co. (Tex.Civ.App.) 159 S.W. 497 (error ref.); Callahan v. Walsh (Tex.Civ.App.) 49 S.W.(2d) 945 (error ref.). Cases cited by appellees are readily distinguishable from the above and from that at bar.

We attach no importance to the misspelling in the letter of "Erwan" for "Irwin." The two are idem sonans, and the same name. Williams v. Hitzie, 83 Ind. 303; 45 C.J., p. 385, note e (14).

The trial court's judgment is reversed and the cause remanded.

Reversed and remanded.