## HEREFORD v. TILSON et ux.

### No. 5726.

Court of Civil Appeals of Texas. Amarillo.
Nov. 4, 1946.

Rehearing Denied Dec. 9, 1946.

276

E. P. Bryan, of Dallas, for appellant.
Shelby S. Cox, of Dallas, for appellees.

STOKES, Justice.

On April 4, 1944, appellant John Hereford, and appellees, T. I. Tilson and his wife Ruby, executed three instruments, consisting of a lease contract, a bill of sale and an escrow agreement. By the lease contract, appellant leased to appellees for the term of one year from April 10, 1944, certain property located in Dallas and described in the lease as follows: "Lying and being situated in the City of Dallas and County of Dallas, State of Texas, and being the real property and buildings located at No. 1805 South Haskell, Dallas, Texas."

The rental provided by the lease was the total sum of $600 payable in installments of $50 each month in advance, with an option given to the lessees to renew the lease at the end of the term for an additional period of four years, upon the same conditions, terms and covenants provided in the written lease. By the last clause in the lease, appellees were given an option during the first year to purchase the leased premises from the lessor for the sum of $4,200 in cash and, in the event they exercised the option, the lessor agreed to convey the property to them by a general warranty deed. By the bill of sale, appellant sold to the appellees his stock of groceries, describing it as: "All that certain business heretofore known as Kallus Grocery, conducted at No. 1805 South Haskell, Dallas, Texas". And, by the escrow agree-

ment, the lease contract and bill of sale were deposited in Grand Avenue State Bank of Dallas in escrow, pending the taking of an inventory of the stock of goods.

On or about the 1st of January, 1945, appellees exercised the option to purchase the property, informed appellant thereof and deposited the agreed consideration of $4,200 with Stewart Title Company, together with a general warranty deed which they requested appellant to execute. Appellant declined to execute the deed or convey the property to appellees and they filed this suit for specific performance of the contract.

A jury was empanelled to try the case but at the close of the testimony, upon motion of the appellees, the court instructed the jury to return a verdict in their favor and upon the return of such a verdict, the court entered a decree in favor of the appellees, divesting appellant of all right, title and interest in the property, vesting the same in the appellees, and directing the purchase price of $4,200 which had been deposited in the registry of the court, to be paid to the appellant. In the instructed verdict and the decree, the property was described by metes and bounds so as to include only the land upon which the building actually stood, following the lines of the walls in accordance with a waiver to that effect filed by the appellees during the trial. Appellant duly excepted to the judgment, perfected an appeal to the Court of Civil Appeals of the Fifth District and the case was transferred to this court by order of the Supreme Court in order to equalize the dockets of the Courts of Civil Appeals.

Appellant presents a number of assignments of error but we do not consider it necessary to discuss them in detail. The material and controlling contentions presented as grounds upon which he seeks a reversal of the judgment may be reduced to four. He contends, first, that the court erred in instructing a verdict and decreeing specific performance in favor of the appellees, because the three instruments relied upon by them were unenforcible as a sales contract under the Statute of Frauds, Article 3995, Vernon's Ann.Civ.St., for lack of a legal description of the property, and because the option contained in the lease

was not a concluded instrument but was unilateral and depended upon the will of the appellees for its consummation; secondly, that the court erred in permitting the appellees, at the trial of the case, to waive their claim to all of the real property sued for by them except that which was occupied by the building because their option expired on April 9, 1945, and it could not be exercised after that date; thirdly, that the court erred in decreeing specific performance because the appellees had an adequate remedy at law in a suit for damages for the breach of the option contract; and, fourthly, that there was no consideration for the option as distinguished from the contract to lease the property. The three instruments, the lease, the bill of sale and the escrow agreement, were executed simultaneously and constituted one transaction. The descriptions given in all of them may, therefore, be consulted in order to locate and identify the property upon which the appellees procured an option. Appellant's first contention is that the description did not meet the requirements of the Statute of Frauds and he cites us to the case of Wilson v. Fisher, Tex.Sup., 188 S.W.2d 150, wherein the Supreme Court recently held that an instrument describing property as being located at 4328-30 Cedar Springs Road was not sufficient to meet the description required to bind the seller specifically to perform a contract to sell Lot 13 in Block N/2047, Perry Heights Addition to the City of Dallas. Other cases of like import are also cited but in our opinion the case is not controlled by the holdings in those cases. It is true that, in order to make a valid conveyance of the real property here involved, something more than the description given in the lease contract would be necessary, but the property is designated in the writings in such a way as to permit parol evidence to identify it and while parol evidence is not admissible to designate the property, it is admissible to identify that which is mentioned in the writings. Porter v. Memphis Land & Commission Co., Tex. Civ.App., 159 S.W. 497; Beaton v. Fussell, Tex.Civ.App., 166 S.W. 458; Acme Products Co. v. Dunlap, Tex.Civ.App., 108 S. W.2d 274; Dickson v. Kelley, 193 S.W.2d 256. In the case of Porter v. Memphis

278

Land & C. Co., supra, the land was described in the sales contract as "263 acres of land, 1½ miles northeast of Memphis, Texas" and this court held that the description, of itself, was insufficient to meet the requirements of the Statute of Frauds but it was noted that the contract referred to an encumbrance of about $8,140 upon the land and that the reference was to a past fact which could be made certain. By using the reference, it was held the land could be located.

In the case of Beaton v. Fussell, supra [166 S.W. 459], it was said: "That is sufficiently certain which can be made certain from facts furnished. And that which puts a party upon inquiry is notice, if that inquiry becomes a duty." The contract involved in that case provided the seller would convey to the purchaser his place in London, Kimble County, Texas, consisting of four lots in the town of London with residence and all improvements thereon. It was alleged by the purchaser that the four lots referred to were Lots 3, 4, 5 and 6 in Block 5 of the town of London. The appellant contended the description was not sufficient to meet the requirements of the Statute of Frauds, but the court held that inasmuch as the property was designated as "my place in London, Kimble County, Texas", and that his place consisted of the four lots sued for, and he owned but one place in the town of London, the description was sufficient to comply with the requirements of the Statute of Frauds.

█ It has been held in many cases in this and other states that it is not necessary for the writings of the parties to describe the property in a contract of sale with sufficient definiteness to identify it, provided the writings furnish the means of identification, and that oral testimony is admissible to apply the terms of the contract to the subject matter in order to identify it where the contract furnishes a key to identification. In this case, the bill of sale executed by the parties in connection with their negotiations described the property as that which was known as "Kallus Grocery". The option contract recited that "John Hereford agrees to close his grocery at 1805 South Haskell, Dallas, Texas, at noon of April 9, 1944, for the purpose of taking inventory

* * *." Thus, the property involved was further identified by the escrow agreement as the property then owned by the appellant. The designations in the three instruments point unerringly to the only possible subject of the contract and, in our opinion, they were sufficient to comply fully with the requirements of the Statute of Frauds. It is well settled that a sales contract is sufficient to comply with the provision of the Statute of Frauds where it designates the property by the name by which it is known in the locality in which it is situated. Dyer v. Winston, 33 Tex.Civ.App. 412, 77 S.W. 227; Cunyus v. Hooks Lumber Co. 20 Tex. Civ.App. 290, 48 S.W. 1106; Krueger v. W. K. Ewing Co. Tex.Civ.App., 139 S.W.2d 836.

██ As to the contention that the option contained in the lease was unilateral, it is sufficient to say that the option was a part of the contract to lease the property and the lease contract, as a whole, was based upon a legal and valid consideration. An option, within itself, is necessarily unilateral. Its very essence is to enable the grantee to exercise the right therein granted or not to exercise it as he may elect. Rossen v. Bennett, Tex.Civ.App., 294 S.W. 660; Corsicana Petroleum Co. v. Owens, 110 Tex. 568, 222 S.W. 154; James Maccalum Printing Co. v. Graphite Compendius Co., 150 Mo.App. 383, 130 S.W. 836.

█ We are not impressed with appellant's second contention that the court erred in permitting appellees to waive their claim to all of the real property sued for by them except that which was actually covered and occupied by the store building. We can conceive of no injury that resulted thereby to appellant and, in our opinion, appellees had the right to reduce the area of the property so as to include only that which was definitely covered by the provisions of the sales contract. Such waiver was not an original exercise of the option but merely a reduction in the area contended for by them in their pleadings. The property actually covered by the building was included in the claim originally made by appellees in their pleadings and the mere reduction of the area in the waiver had nothing to do with the validity of their claim under the

option to that only which was occupied by the building and decreed to them in the judgment.

■ The third contention complains of the decree granting the equitable remedy of specific performance because appellees had an adequate remedy at law in a suit for damages for the breach of the contract. It has long been the law in this state that the purchaser under such a contract has the option of suing for damages for its breach or availing himself of the equitable remedy of specific performance. Even in contracts which provide for a certain sum as liquidated damages in the event the purchaser fails to comply with its terms, the option to sue for the specified liquidated damages or for specific performance is recognized, and certainly the same rule would apply to a case like this where the contract was silent in that respect. The contract here involved was not an agreement on appellant's part to do one of two things, namely, either convey the land or, at his option, pay the damages for failing to do so. It was a contract to do a specific thing, that is, to sell the building and real estate located at 1805 South Haskell Street, in Dallas, Texas. The appellees, therefore, had the right to choose their remedy, and, since they chose to enforce the contract and the contract was an enforcible one, no error was committed by the court in the ruling complained of. Moss & Raley v. Wren, 102 Tex. 567, 569, 113 S.W. 739, 120 S.W. 847; Rabinowitz v. North Texas Realty Co., Tex.Civ.App., 270 S.W. 579; La Prelle v. Brown, Tex. Civ.App., 220 S.W. 151; Cornelius v. Harris, Tex.Civ.App., 163 S.W. 346; Capps v. Joiner, Tex.Civ.App., 69 S.W.2d 853.

■ The fourth and last contention is that there was no consideration for the option contained in the lease contract. Appellant asserts that the $50 per month recited therein was the sum agreed upon between the parties as rental for the building only and that nothing remained as a consideration for any additional agreements.

The negotiations between the parties prior to the execution of the written contract were merged into the writing and the written contract provided an ample consideration for its execution. Regardless of any prior negotiations, the contract must be considered as the final agreement made between the parties and this contention is, therefore, without merit.

■ The transcript in this case contains an order of the trial judge directing that 10 original documents used as evidence at the trial be sent up in their original form and they have been sent up with the record in a separate enclosure and nowhere appear in the statement of facts. The only reason given for the order is that it is impracticable to make copies of the documents. The instruments consist of the bill of sale, the lease contract, the escrow agreement, carbon copies of two letters, two deeds, two maps and plaintiff's original petition. No reason is given, and we can conceive of none, why it was impracticable to make copies of these documents. Certainly all of them could easily have been copied in the statement of facts except perhaps the maps and they could have been attached to it. We presume the order was entered under the provision of Rule 379, Texas Rules of Civil Procedure, which permits original papers to be sent up with the record in lieu of copies, but the rule clearly contemplates there should be some special reason for doing so. There was no issue involving questions of signature, illegible writing or any other matter which would call for our inspection of the original documents. We have given them due consideration but we wish to enter our disapproval of the practice of sending original documents with the record, unless there is some special reason why it should be done.

We have carefully examined all of the assignments of error and contentions urged by appellant and, in our opinion, none of them reflects reversible error. The judgment of the court below will, therefore, be affirmed.