**Jack C. PORTER, Appellant,**

v.

**Rufus D. BELL, Appellee.**

No. 12932.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 25, 1955.

Rehearing Denied Feb. 23, 1956.

Oliver & Oliver, San Antonio, for appellant.

Walter Stout, Frank M. Rosson, San Antonio, for appellee.

POPE, Justice.

Jack C. Porter sued Rufus D. Bell for specific performance of a contract to convey a tract of land. The trial court sustained numerous special exceptions to the petition. The only pertinent one preserved for appeal is that the contract did not describe the land with sufficient certainty to comply with the Statute of Frauds. Art. 3995, § 4, Vernon's Ann.Civ.Stats. The relevant parts of the agreement sued upon are as follows:

"San Antonio, Texas
June 12, 1954

"Mr. Jack C. Porter
2112 Quintana Road
South San Antonio, Texas

"Dear Sir:

"This confirms my previous agreement with you concerning the sale to you of the 200 acres of land in Real County, Texas, which property was foreclosed by Mr. R.

D. Bell, who held a first lien on this property executed by Minnie E. Porter, who was a single woman at the time this loan was made.

"Mr. Bell bought this property at a trustee's sale which was held on Tuesday, June 1, 1954, at the proper hour.

"Mr. Bell has agreed that you may have this property for the balance due on his note at the time of sale plus interest at the rate of 7 per cent per annum with the date of closing the sale, plus the sum of $1,000.-00. In addition you are to pay all costs in connection with this foreclosure, recording fees, revenue stamps, and attorney's fees for handling this entire transaction. * * *

"You understand that Mr. Bell is to give you a special warranty deed only, conveying to you what interest he has in this property.

> "Yours very truly,
> Ralph E. Cadwallader

"Accepted:
Jack C. Porter"

Wilson v. Fisher, 144 Tex. 53, 188 S.W. 2d 150, 152, declares the general rule of certainty and says: "The writing must furnish within itself, or by reference to some other existing writing, the means or data by which the particular land to be conveyed may be identified with reasonable certainty." The contract discussed in that case failed to state the city, county, or state in which the property was located and referred to no other writing. The Court held that the description was deficient. Accord: Rowson v. Rowson, Tex., 275 S.W.2d 468; Broaddus v. Grout, 152 Tex. 398, 258 S.W. 2d 308; Gohlke v. Davis, Tex.Civ.App., 279 S.W.2d 369; Boyd v. Boyd, 34 Tex. Civ.App. 57, 78 S.W. 39.

■ Wilson v. Fisher requires a contract to furnish within itself or by reference to some other existing writing, the means or data by which the land may be identified. A contract can refer to other writings without using the word "refer". City of Abilene v. Sayles, Tex.Com.App., 295 S.W. 578; Dickson v. Kelley, Tex. Civ.App., 193 S.W.2d 256; Callahan v. Walsh, Tex.Civ.App., 49 S.W.2d 945.

In our opinion, the agreement sufficiently describes the property. Without relying upon extrinsic evidence, the contract contains these descriptive elements: (1) The acreage is described as 200 acres, (2) it is located in Real County, Texas, (3) Mr. R. D. Bell was the holder of a note at the time of foreclosure, (4) Mr. Bell held the first lien against the property, (5) that lien was executed by Minnie E. Porter, a single woman, (6) that lien was foreclosed by R. D. Bell, (7) Mr. Bell bought the property at a trustee's sale held on June 1, 1954. Because Mr. Bell foreclosed on "his note" and "bought the property at a trustee's sale," the fact of ownership is stated.

In Sanderson v. Sanderson, 130 Tex. 264, 109 S.W.2d 744, 747, the property was described only as Mrs. Kelton's farm in Haskell County. The Supreme Court held that was sufficient description, and in Broaddus v. Grout, supra, explained its reasons further, by stating that such a description would be sufficient if evidence established the fact that Mrs. Kelton owned only one farm in Haskell County at the time the contract was executed. There is no difference in description between "Mrs. Kelton's farm in Haskell county" and "Mr. Bell's 200 acres of land in Real County." The Broaddus case states that a description by county and ownership is sufficient. Taffinder v. Merrell, 95 Tex. 95, 65 S.W. 177. An informal written description of land which also mentioned it as "my own headright," was treated as sufficient reference to a more descriptive writing. Fulton v. Robinson, 55 Tex. 401. Property described as " 'My place in London, Kimble county, Texas,' " was sufficient. Beaton v. Fussell, Tex.Civ. App., 166 S.W. 458.

■ An insufficient description in a memorandum may be aided by a reference to an existing debt and the name of the lender, because the reference would "imply the existence of other writings in which the land is described". Dickson v. Kelley, Tex.Civ.App., 193 S.W.2d 256, 258. A trade concerning an "option on Irwin tract" was sufficient, because recourse to the option furnished an adequate description.

Acme Products Co. v. Dunlap, Tex.Civ. App., 108 S.W.2d 274. A description of land as " '263 acres of land, 1½ miles northeast of Memphis, 'Tex.,' " was declared insufficient, but a reference in the memorandum to an incumbrance of $8,140 upon the land made it sufficient, since it was a recitation of a past fact which could be made certain. Porter v. Memphis Land & Commission Co., Tex.Civ.App., 159 S.W. 497. See, also, Vineyard v. O'Connor, 90 Tex. 59, 36 S.W. 424. From these cases, it follows that the description in the contract between Porter and Bell was sufficient for several reasons. The lien, note, debtor, lienholder, foreclosure, trustee's sale on a day certain, and ownership by Bell are matters that can be made certain.

■ While the matter of description appears to be the most serious matter presented by appellant's brief, we are unable to hold that the trial court rested its dismissal order only on that point. The trial court sustained thirty-eight other special exceptions. The judgment of dismissal was based upon the failure to amend to meet all of those exceptions. Those exceptions relate, among other matters, to the sufficiency of the pleadings which assert that Cadwallader was the agent for defendant Bell. We have no points which preserve the errors, if they be errors, concerning any of those rulings. If the court erred in dismissing the case because of a failure to amend to meet the many rulings, the error has been waived. Rule 418, T.R. C.P.; 3B Tex.Jur., Appeal and Error, §§ 753, 679; Francis v. Kane, Tex.Civ.App., 246 S.W.2d 279.

The judgment is affirmed.