Melvin RUTLEDGE, Appellant,

v.

VALLEY EVENING MONITOR et al.,
Appellees.

No. 13016.

Court of Civil Appeals of Texas.

San Antonio.

April 11, 1956.

Roel & Sanchez, R. M. Bounds, McAllen, for appellant.

Ewers, Cox & Toothaker, William E. York, McAllen, for appellees.

W. O. MURRAY, Chief Justice.

This suit was instituted by Melvin Rutledge against Valley Evening Monitor and others, seeking damages allegedly resulting to him on account of the publication of an article in the Valley Evening Monitor alleged to be libelous of him, both per se and per quod.

The trial judge sustained numerous special exceptions to plaintiff's petition and after giving him ample opportunity to amend the petition entered an order dismissing plaintiff's cause with prejudice. Melvin Rutledge has prosecuted this appeal.

Appellant does not present any points contending that the court erred in sustaining numerous special exceptions to various parts of his petition, and therefore any·complaint along this line was waived. Crawford v. Continental Panhandle Lines, Inc., Tex.Civ.App., 278 S.W.2d 566; Porter v. Bell, Tex.Civ.App., 287 S.W.2d 333; Rule 418, Texas Rules of Civil Procedure. The complaint which he does present is that the court sustained a general demurrer to his petition, and that this was error because his petition did state a good cause of action for libel.

Appellant bases his contention that the court sustained a general demurrer to his petition on the ground that he received a letter from the trial judge telling him that

he was, in effect, sustaining a general demurrer. The letter reads as follows:

"October 24, 1955

"Messrs. Ewers, Cox & Toothaker

"McAllen, Texas

"Messrs. Roel & Sanchez

"McAllen, Texas

Re: A–9568—Melvin Rutledge

Valley Evening Monitor, et al.

"Gentlemen:

"I have been studying your briefs in the above matter. I have concluded that the case is ruled by Bull v. Collins, Tex.Civ.App., 54 S.W.2d 870.

"This case is on a point which goes to the heart of the case at bar and, without enumerating the various exceptions which raise the point, I am saying that I sustain all such exceptions. This ruling having the effect of sustaining what would be generally known as a general demurrer.

"Yours very truly,

"SNMcW–mt

Judge 92nd District Court"

This letter is set out at page 18 of the transcript, but is in fact no official part of the transcript. The court entered an interlocutory order which officially discloses what the trial court actually did. He sustained the special exceptions contained in paragraphs 1–3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 14, 15 and 19 of appellees' Second Amended Original Answer, and having sustained these exceptions held that what remained of appellant's petition was insufficient in law to state a cause of action, and granted to appellant from October 28, 1955, to November 2, 1955, to amend his petition if he so desired. What was said in the letter is immaterial and the parties were required to look to the order to determine just what action the court had taken.

The appellant having declined to amend, the court on November 14, 1955, rendered a final judgment of dismissal with prejudice. This action of the court was proper.

When a court has sustained special exceptions to certain portions of a petition and the plaintiff refuses to amend,

and if that part of the petition remaining does not state a cause of action the court can very properly render a final judgment of dismissal. Stringer v. Robertson, Tex.Civ.App., 140 S.W. 502; Moye v. Houston Oil Co., Tex.Civ.App., 260 S.W. 294; Heatley v. W. P. Ponder & Sons, Tex.Civ.App., 40 S.W.2d 951; Strictland v. Higginbotham Bros. & Co., Tex.Civ.App., 220 S.W. 433; Rule 91, T.R.C.P.; Kelley v. Wright, 144 Tex. 114, 188 S.W.2d 983; Porter v. Bell, Tex.Civ.App., 287 S.W.2d 333.

The judgment of the trial court is affirmed.