**I. M. FUTCH et al.**

v.

**D. C. GREER et al.**

**No. 7095.**

Court of Civil Appeals of Texas.

Amarillo.

Feb. 5, 1962.

Rehearing Denied Feb. 26, 1962.

Clayton, Martin & Harris, Amarillo, for appellants.

Will Wilson, Atty. Gen., H. Grady Chandler, Morgan Nesbitt and John B. Webster,

Assts. Atty. Gen., Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, for appellees.

DENTON, Chief Justice.

This is a suit brought by a group of citizens of the City of Amarillo as a class action, seeking an injunction against D. C. Greer, the State Highway engineer, and the members of the State Highway Commission and the City of Amarillo, its mayor, the city commission and city manager, to restrain the named defendants from designating, laying out, opening and constructing Interstate Highway Number 40 through the City of Amarillo. All parties filed motions for summary judgment. The City of Amarillo and its officials also filed a motion to dismiss on the ground the city and its officials were neither necessary nor proper parties to this suit. This latter motion was granted. The trial court entered a judgment granting the motion for summary judgment of Greer and the highway commission, denied the motion of appellants, and dismissed the City of Amarillo and its officials from the suit.

■ Appellants have brought forward no point of error which complains of the trial court's action in dismissing the City of Amarillo and its impleaded officials. They have thereby waived any error the trial court may have committed in ordering the dismissal of these parties. Therefore that question is not before this court for determination. Porter v. Bell (Tex.Civ.App.), 287 S.W.2d 333 (writ refused n. r. e); Francis v. Kane (Tex.Civ.App.), 246 S.W.2d 279 (no writ history).

■ Appellants' first point of error complains of the trial court granting appellees' motion for summary judgment after having stricken certain affidavits filed on the day of the hearing, and which were attached to appellees' reply to appellants' motion for summary judgment. This point is based on the premise that there are no affidavits to support appellees' motion for summary judgment. This latter motion had

been filed and service obtained on June 10, 1960. Four affidavits were attached and filed with appellees' motion for summary judgment some six months prior to the hearing. These latter affidavits, not being subject to appellants' objection that they were filed on the date of the hearing, are therefore a part of the record and were properly before the trial court and this court. We understand appellants' position to be that when the affidavits attached to appellees' reply to appellants' motion for summary judgment were not allowed to be introduced into evidence there remained nothing to support appellees' motion for summary judgment. We are unable to agree with this contention. Appellees' motion was supported by affidavits of the district highway engineer and an Amarillo city official in addition to certified copies of minutes and a resolution of the City of Amarillo approving and endorsing the route and plan of construction of the proposed highway. We therefore conclude this point is without merit.

■ Appellants next contend their motion for summary judgment was not controverted and that therefore the trial court erred in denying their motion. We recognize the general rule that where pleadings, sworn statements and admissions show a party to be entitled to a summary judgment and the opposing party does not oppose these instruments, the trial court is justified in accepting the moving party's affidavits and motion as true and in entering a summary judgment. Sandone v. Dallas Osteopathic Hospital (Tex.Civ.App.), 331 S.W. 2d 476 (refused n. r. e.) and cases cited therein. However, we are of the opinion this general rule has no application in the instant case. We do not construe Rule 166–A, Texas Rules of Civil Procedure as requiring that a motion for summary judgment can be controverted only by affidavits specifically replying to such motion. In our opinion appellees' own motion for summary judgment supported by affidavits and exhibits attached thereto, together with the

deposition of appellee D. C. Greer, constituted sufficient opposition to appellants' motion. See Ragsdale v. McLaughlin (Tex. Civ.App.), 285 S.W.2d 467 (error dismissed). Summary judgments are not granted by default but only on the movant's discharge of his burden to show the absence of fact issues. Freeberg v. Securities Investment Co. of St. Louis (Tex.Civ.App.), 331 S.W.2d 825 (writ refused).

■ Appellants' next four points of error complain of the trial court's failure to grant their motion for summary judgment on the ground that four specific requirements had not been met by appellees in locating and planning the highway in question. It is appellants' position that it is undisputed that appellees conducted no public hearing prior to laying out and constructing the interstate highway; that no schematic design had been presented at a public hearing; that no economic survey had been conducted; and that the Federal laws had not been complied with in selecting the route, design, etc., of the proposed highway. Because of the similarity of these matters they will be discussed together.

The supporting affidavit of the district engineer, Charles W. Smith, clearly states that a public hearing was held in the Amarillo Municipal Auditorium on Friday, August 2, 1957, relative to the location of the route of the proposed highway. Details of this meeting were set out in the affidavit. Mr. Smith's affidavit further points out a second public hearing was held at the same location on October 29, 1958 where a schematic layout of the proposed highway was presented for public inspection. In our opinion the affidavits of appellants which are of record in this case do not effectively contradict the above referred to affidavit of Mr. Smith, and do not raise a fact issue as to these hearings. The public hearings so held were in full compliance with Article 6674w–1, Sec. 1, Vernon's Ann.Tex.Civ.St. Title 23 U.S.C.A. § 128 provides:

"§ 128. Public hearings

"(a) Any State highway department which submits plans for a Federal-aid highway project involving the bypassing of, or going through, any city, town, or village, either incorporated or unincorporated, shall certify to the Secretary that it has had public hearings, or has afforded the opportunity for such hearings, and has considered the economic effects of such a location "

Mr. Smith's affidavit stated in part as follows:

"Everyone present was afforded the opportunity to speak with reference to the route for Interstate Highway 40. A record was made of the various speakers, their comments, criticisms, and suggestions, and a transcript of this record was forwarded on August 30, 1957 to the Bureau of Public Roads along with a certification by D. C. Greer, the State Highway Engineer, that due consideration had been given the economic effects of the proposed location of the highway. The central route of such highway through the city of Amarillo was thereupon approved by the United States Bureau of Public Roads and the Texas Highway Commission."

In our opinion the record is clear that appellees have fully complied with the requirements of the applicable State and Federal statutes and appellants' summary judgment evidence does not raise a material fact issue.

■ Appellants further contend that Federal rather than State statutes govern in determining the location, laying out and constructing this interstate highway; that in as much as the Federal statutes had not been complied with in these respects the trial court erred in granting appellees' motion for summary judgment. We think appellants are in error in their contention that the Federal statutes were not complied with. We find nothing in this record to support

appellants' assertion. According to Mr. Greer's deposition, Federal funds had not been received by the State at the time his deposition was taken in May of 1960. By complying with Federal regulations the State would be reimbursed by the Federal government for certain sums previously expended by the State. The two hearings referred to above were held for a two-fold purpose: to comply with Article 6674w–1, V.T.C.S. and Title 23, Sec. 128, U.S.C.A. The Federal regulations must be complied with in order to receive Federal funds. Such requirements do not limit or effect the authority of the State Highway Commission to select locations, construct and maintain highways in this State. State Highway Commission v. Humphreys (Tex. Civ.App.), 58 S.W.2d 144 (writ refused); Heathman v. Singletary (Tex.Comm.App.), 12 S.W.2d 150. See also Linnecke v. Dept. of Highways, 76 Nev. 26, 348 P.2d 235; Piekarski v. Smith (Del.), 153 A.2d 587. Appellants' sixth point of error is overruled.

■ Appellants' last four points of error complain that the trial court's judgment violated the due process clauses of both the Federal and State constitutions. As we understand appellants' contention, they are urging that appellees proceeded to acquire property for the right-of-way without relying upon the power of eminent domain, but by the threat of the use of eminent domain appellees are inducing property owners along the proposed route to sell such property. Appellants have cited no case, and we have found none, which prohibits a governmental agency or private business, vested with powers of eminent domain, from acquiring private property without resorting to condemnation proceedings. That appellees are authorized to acquire property by *purchase* and *condemnation* (emphasis added) can not be questioned. Art. 6674w–3.

We know of no requirement that condemnation proceedings be instituted if a mutual sale of such property can be consummated between the property owner and the condemning authority. This record contains no evidence of any threat being used by any of the appellees or their agents in acquiring property in question.

We are not unaware of the hardships and inconveniences that have and will be incurred by many property owners within and near the proposed interstate highway. However, it is not the prerogative of this court to approve or disapprove of the layout or location of this highway. This is the duty of the appropriate authorities who must act according to the prescribed procedure under the law. After reviewing this record, consisting of numerous affidavits and exhibits, we are convinced the appellees have scrupulously observed and followed the applicable Federal and State laws in proceeding with the designation, laying out, and constructing the interstate highway under consideration. We are of the opinion, and so hold, that appellees' pleadings, affidavits and exhibits support the trial court's conclusion that no genuine material fact issue was raised, and that the record supports a summary judgment for the appellees.

By counterpoint appellees bring forward their plea in abatement in which it is pleaded that this is a suit against the State, and no legislative consent was given. The trial court's judgment does not expressly pass on this plea. However, in view of our disposition of this case we do not deem it necessary to discuss this counterpoint.

After carefully reviewing this record we are of the opinion it reflects no reversible error. The judgment of the trial court is affirmed.