**V. Larry MESSINA a/k/a Larry Messina and Victor L. Messina, Appellants,**

**v.**

**TEXAS BANK AND TRUST COMPANY OF DALLAS, Appellee.**

No. 709.

Court of Civil Appeals of Texas, Tyler.

June 14, 1973.

Rehearing Denied July 12, 1973.

Douglas A. Barnes, Keck & Barnes, Dallas, for appellants.

John F. Maxfield, Stigall, Maxfield & Collier, Dallas, for appellee.

DUNAGAN, Chief Justice.

This suit was instituted in the 95th District Court of Dallas County, Texas, by Texas Bank & Trust Company of Dallas, the appellee, against V. Larry Messina and Victor L. Messina, the appellants, on July 11th, 1972. The cause of action against Larry Messina was on a note held by the appellee which allegedly was unpaid and the cause of action against Victor Messina, Larry Messina's father, was based upon a breach of his security agreement with appellee in connection with the note held by appellee.

Appellants (defendants below) failed to appear or make written answer on their behalf. On August 18, 1972, a default judgment was taken against the appellants, which judgment states that the appellants were "duly served with every legal notice, said Defendants have heretofore failed to appear and answer on their behalf, but have wholly made default." The judgment further states that the officer's return on the citation had been on file with the clerk of the trial court ten days exclusive of the date of filing and of the date of judgment.

The appellants timely filed a motion to set aside the default judgment and grant a new trial.

The trial court overruled appellants' motion and it is from this order that their appeal has been perfected.

We have before us the transcript and the written briefs of the parties only, as we have not been favored with a statement of facts or findings of fact and conclusions of law by the trial court.

Appellants' two points of error concern only their alleged meritorious defense of "usurious" interest. The substance of appellants' contention is that as a matter of law the trial court erred in not rendering judgment less the amount of the unearned interest which is shown on the face of the note to be usurious.

Appellee contends that appellants intentionally failed to file an answer in this cause and intentionally permitted judgment to be taken against them by default; that the judgment of the trial court should be affirmed because the motion for new trial is not adequate in that it does not set out affirmatively that appellants' failure to answer before judgment was not intentional, nor the result of conscious indifference on their part; also that such motion for new trial does not set out any excuse or reason for appellants not answering.

Appellants do not contend that their failure to answer was unintentional or by mistake or accident. To the contrary appellants admit in their brief before this court that their failure to answer was intentional and states therein that "(n)o justification is being put forth for their (appellants') failure to answer." Their position is "they owed a debt and they expected the Judge to *correctly apply the law*. When it was incorrectly applied, they diligently and timely pursued their remedy with the trial court * * *." (Emphasis theirs.) They claim that the judgment of the trial court includes a charge of usurious interest and in so doing, to their surprise, the court incorrectly applied the law. Appellants now want to be heard on their alleged "meritorious defense."

Appellants in their motion for new trial did not affirmatively set out any reason, excuse or justification for their failure to file an answer or to appear in this cause, nor that such failure to answer was not intentional but was by accident or mistake. The motion for new trial deals solely with their alleged defense of the charge of usurious interest.

In addition to alleging a meritorious defense, a motion to set aside a default judgment must show some excuse for the defendant's failure to answer or appear in the cause. Great Liberty Life Insurance Company v. Flint, 336 S.W.2d 434

(Tex.Civ.App., Fort Worth, 1960, n.w.h.); City of San Antonio v. Garcia, 243 S.W.2d 252 (Tex.Civ.App., San Antonio, 1951, writ ref.); Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124 (1939); City of Fort Worth v. Gause, 129 Tex. 25, 101 S.W.2d 221 (1937); 33 Tex.Jur.2d Judgments, sec. 179, p. 714.

The law is well settled in this state that before a default judgment can be properly set aside, (1) it must be shown that the failure to file an answer was not intentional or the result of conscious indifference by defendant, (2) the failure must have been due to a mistake or an accident, (3) the motion to set aside the default judgment must set up a meritorious defense, and (4) the motion must be filed at a time when the granting thereof would occasion no delay or otherwise injure the plaintiff. Stacy v. Stacy, 480 S.W.2d 479 (Tex.Civ.App., Waco, 1972, n.w.h.); Ivy v. Carrell, 407 S.W.2d 212 (Tex.1966); Hanks v. Rosser, 378 S.W.2d 31, 34–35 (Tex.1964); Craddock v. Sunshine Bus Lines, supra; Brothers Department Store, Inc. v. Berenzweig, 333 S.W.2d 445 (Tex.Civ.App., San Antonio, 1960, n.w.h.).

Here appellants have not only failed to show that the failure to file an answer or to appear was due to a mistake or accident but to the contrary they admit that it was intentional and therefore not due to a mistake or accident; and that no justification is offered to excuse their failure to answer.

■ As revealed above, the record does not contain a statement of facts or findings of fact and conclusions of law, nor is there a statement of facts adduced at the hearing at which the default judgment was rendered. In the absence of a statement of facts or findings of fact and conclusions of law, the law presumes that the trial court was justified in overruling the motion for new trial by the facts, if any, established upon such hearing. Fineley v. Fineley, 410 S.W.2d 818 (Tex.Civ.App., Tyler, 1966, writ ref., n.r.e.); Lickman v. Lickman, 368 S.W.2d 51 (Tex.Civ.App., Eastland, 1963, writ dism.); Burnett v. Meletio, 351 S.W.2d 912 (Tex.Civ.App., Dallas, 1961, writ ref., n.r.e.); Gulf, Colorado & Santa Fe Ry. Co. v. Waterhouse, 223 S.W.2d 654 (Tex.Civ.App., Beaumont, 1949, N.R.E.); Loomis v. Balch, 181 S.W.2d 849 (Tex.Civ.App., Galveston, 1944, n.w.h.); Murphy v. Moseley, 11 S.W.2d 234 (Tex.Civ.App., Dallas, 1928, n.w.h.); 4 Tex.Jur.2d sec. 817, p. 350. This brings us to the question of whether the trial court abused its discretion in not sustaining appellants' motion for new trial.

■ When a motion to set aside a default judgment and grant a new trial is timely filed, it is addressed to the sound discretion of the trial court, and such action of the trial court will be overturned only on a showing of an abuse of discretion. Republic Bankers Life Insurance Company v. Dixon, 469 S.W.2d 646 (Tex.Civ.App., Tyler, 1971, n.w.h.); Brothers Department Store, Inc. v. Berenzweig, supra; 4 Tex.Jur.2d sec. 828, p. 369.

■ It is clear from this record that the trial court did not abuse its discretion in overruling appellants' motion to set aside the judgment and grant them a new trial and appellants make no such contention before this court.

■ Moreover, there is no assignment of error before this court asserting error by the trial court in overruling appellants' motion for new trial or abuse of discretion by the trial court in overruling said motion. Therefore, if the court did abuse its discretion in overruling appellants' motion for new trial, the error has been waived. Rule 418, Texas Rules of Civil Procedure; Futch v. Greer, 353 S.W.2d 896 (Tex.Civ.App., Amarillo, 1962, writ ref., n.r.e.); Porter v. Bell, 287 S.W.2d 333 (Tex.Civ.App., San Antonio, 1955, writ ref., n.r.e.).

For the above reasons the trial court's judgment is affirmed.

Judgment affirmed.